**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CRISTY NELSON, on behalf of herself and
others similarly situated,

    Plaintiff,

vs.

MLB HOTEL MANAGER, LLC, a Florida
limited liability company, and
MLB FAIRWINDS, LLC, a Florida limited
liability company,

    Defendants.
_____/

COLLECTIVE ACTION COMPLAINT

**COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff CRISTY NELSON ("Plaintiff" or "NELSON"), on behalf of herself and others similarly situated ("Class Members"), who was an employee of Defendants MLB HOTEL MANAGER, LLC, a Florida limited liability company, and MLB FAIRWINDS, LLC, a Florida limited liability company (together, "Defendants"), and files this Collective Action Complaint for unpaid minimum and overtime wages, liquidated damages, return of tips wrongfully taken, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

### I. NATURE OF THE CASE

1. Pursuant to the FLSA, Plaintiff and the proposed Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

> All persons who worked as tipped employees for Defendants at their restaurant La Sombra for all or part of the three years preceding the filing of this lawsuit.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

3. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## II.   JURISDICTION AND VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff and Class Members' federal question claims.

## III.   PARTIES

6. Plaintiff CRISTY NELSON is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

7. Plaintiff and Class Members were employed as tipped employees for Defendants.

8. Defendant MLB HOTEL MANAGER, LLC ("MLB Hotel LLC") employed Plaintiff and Class Members and is a Florida limited liability company that owns and operates MLB FAIRWINDS, LLC.

9. Defendant MLB FAIRWINDS, LLC ("MLB Fairwinds LLC") employed Plaintiff and Class Members and is a Florida limited liability company that owns and operates the restaurant La Sombra at which Plaintiff worked, located at 1000 Collins Avenue, Miami Beach, Miami-Dade County, Florida.

### III.    COVERAGE

10. During all material times, MLB Hotel LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as foodstuffs and beverages, that have been moved in or produced for commerce by any person.

11. During all material times, MLB Fairwinds LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as foodstuffs and beverages, that have been moved in or produced for commerce by any person.

12. During all material times, MLB Hotel LLC was an employer as defined by 29 U.S.C. § 203(d).

13. During all material times, MLB Fairwinds LLC was an employer as defined by 29 U.S.C. § 203(d).

14. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

15. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. During all material times, Defendants have employed two or more persons.

## IV. FACTUAL ALLEGATIONS

17. Defendants own and operate the restaurant La Sombra, the restaurant at which Plaintiff was employed, which is located in the Fairwind Hotel in Miami Beach, Miami-Dade County, Florida.

18. This action is brought pursuant to the FLSA for payment of unpaid minimum and overtime wages, for the return of tips wrongfully taken, and for liquidated damages and other relief.

19. Plaintiff was a non-exempt employee who worked as a tipped employee (server) for Defendants at their restaurant, La Sombra, during the period from January, 2019 to June 18, 2019.

20. For all or part of the three years prior to the filing of this lawsuit ("Relevant Time Period"), Plaintiff and Class Members were required to participate in a tip pool with managers, in violation of the FLSA.

21. In addition, Defendants regularly suffered or permitted Plaintiff to work unpaid hours *before* clocking in for her shift.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

22. In addition, Defendants regularly suffered or permitted Plaintiff to work unpaid hours *after* clocking out from her shift.

23. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of suffering or permitting Plaintiff and Class Members to work without paying them for all hours worked, and to require them to participate in an illegal tip pool.

24. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

27. Defendants employed Plaintiff as a tipped employee during the statutory time period.

28. Defendants suffered or permitted Plaintiff to work hours up to forty per workweek without paying her for all hours worked.

29. Defendants required Plaintiff to participate in a tip pool in which managers participated, in violation of the FLSA.

30. By suffering or permitting Plaintiff to work unpaid hours and to participate in an invalid tip pool, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

31. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff CRISTY NELSON, on behalf of herself and others similarly situated, demands judgment in her favor and against Defendants MLB HOTEL MANAGER, LLC and MLB FAIRWINDS, LLC, jointly and severally, as follows:

   a) Award to Plaintiff, and those similarly situated, for payment of all minimum wage hours worked at the applicable Florida minimum wage;

   b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment for all minimum wage hours owed under the FLSA;

   c) Award to Plaintiff of reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

32. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

33. Defendants employed Plaintiff as a tipped employee during the statutory time period.

34. Defendants suffered or permitted Plaintiff to work hours in excess of forty per workweek without paying him for all hours worked.

35. Defendants required Plaintiff to participate in a tip pool in which managers participated, in violation of the FLSA.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

36. By suffering or permitting Plaintiff to work unpaid hours and to participate in an invalid tip pool, Defendants owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

37. As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff CRISTY NELSON, on behalf of herself and others similarly situated, demands judgment in her favor and against Defendants MLB HOTEL MANAGER, LLC and MLB FAIRWINDS, LLC, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty per workweek at the applicable overtime wage rate;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment for all overtime wage hours owed under the FLSA;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

38. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

39. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

40. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

41. Defendants did not rely on a good faith defense in suffering or permitting Plaintiff to work compensable hours without being paid.

42. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

43. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff CRISTY NELSON, on behalf of herself and others similarly situated, demands judgment in her favor and against Defendants MLB HOTEL MANAGER, LLC and MLB FAIRWINDS, LLC, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 6th September, 2019.

> By: **s/Robert W. Brock II**
> Robert W. Brock II, Esq.
> Florida Bar No. 75320
> robert@kuvinlaw.com
> legal@kuvinlaw.com
> *Law Office of Lowell J. Kuvin*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Fax: 305.358.6808
*Attorney for Plaintiff*

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808