**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-23730-CIV-SCOLA**

CRISTY NELSON, on behalf of herself
and others similarly situated,

       Plaintiff,

vs.

MLB HOTEL MANAGER, LLC, a Florida
limited liability company, and
MLB FAIRWINDS, LLC, a Florida
limited liability company,

       Defendants.

_____/

**DEFENDANTS JOINT MOTION FOR FINAL SUMMARY JUDGMENT AND**
**INCORPORATED MEMORANDUM OF LAW**

Defendants, MLB HOTEL MANAGER, LLC ("**MLB Hotel Manager**"), and MLB

FAIRWINDS, LLC ("**MLB Fairwinds**") (collectively, the "**Defendants**") move for entry of final

summary judgment against CRISTY NELSON ("**Nelson**" or the "**Plaintiff**"), and state as follows:

**MEMORANDUM OF LAW – SUMMARY JUDGMENT STANDARD**

Summary judgment shall be rendered "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." *Fed.R.Civ.P. 56(c)*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Greenberg v.

BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*). If the party seeking

summary judgment meets the initial burden of demonstrating the absence of a genuine issue of

material fact, the burden then shifts to the non-moving party to come forward with sufficient

evidence to rebut this showing with affidavits or other relevant and admissible evidence. *Avirgan*

*v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1992). The non-moving party's failure to make a showing

that is "sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial," will mandate the entry of summary

judgment. *Celotex*, 477 U.S. at 322-23.

## MEMORANDUM OF LAW – ARGUMENT

### I.    MLB Hotel Manager LLC is Entitled to Summary Judgment on All Counts as it Did Not Employ the Plaintiff

In the instant action, the Plaintiff sued both of the Defendants, MLB Hotel Manager and

MLB Fairwinds.  In support of this claim, the Plaintiff alleges that MLB Hotel Manager employed

the Plaintiff and owns and operates MLB Fairwinds. (Pls. Compl. ¶ 8 ECF No. 1).  Additionally,

Plaintiff alleged that MLB Hotel Manager is an enterprise covered by the FLSA and as defined by

29 U.S.C. § 203(r) and 203(s), was an employer as defined by 29 U.S.C. § 203(d), and that the

Defendants are joint employers under 29 C.F.R. 791.2(b)(3). (*Id*. at ¶¶ 8, 12, 14 ECF No. 1).

However, as the record evidence shows, MLB Hotel Manager does not meet any of these statutory

definitions and was not a joint employer of the Plaintiff.

Under 29 U.S.C. § 203(r)(1), for purposes of defining an Enterprise under the FLSA, "…a

retail or service establishment which is under independent ownership shall not be deemed to be so

operated or controlled as to be other than a separate and distinct enterprise by….reason of the fact

that it occupies premises leased to it by a person who also leases premises to other retail or service

establishments". *Id.* Under 29 U.S.C. § 203(s), an enterprise engaged in commerce or in the

production of goods for commerce requires: employees engaged in commerce or in the production

of goods for commerce, or employees handling, selling or otherwise working on goods or material

moved in or produced in commerce. *Id*. Lastly, 29 U.S.C. § 203(d) defines an employer, in relevant

part, to include "any person acting directly or indirectly in the interest of an employer in relation

to an employee…" *Id*.  These definitions are pertinent because, "[A]n entity 'employs' a person under the FLSA if it 'suffer[s] or permit[s]' the individual to work. In order to determine whether an alleged employer 'suffer[s] or permit[s]' an individual to work, we ask 'if, as a matter of economic reality, the individual is dependent on the entity.'" *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (internal citation omitted).

Here, the record evidence is clear that MLB Hotel Manager did not employ the Plaintiff under the aforementioned definitions. MLB Hotel Manager strictly serves as the Manager of MLB Fairwinds for purposes of Fla. Stat. § 605.0102. (See Defendants' Joint Statement of Material Facts ("Defs' Statement") at ¶¶ 8-9 ECF No. 41).  Further MLB Hotel Manager has no employees as defined by 29 U.S.C. §203(e) and is not an employer as defined by 29 U.S.C.§ 203(d).  (*Id.* at ¶¶ 6-7 ECF No. 41)

Moreover, the Plaintiff was wholly unable to explain as to why MLB Hotel Manager was involved in this action and named as a Defendant, testifying:

a) She was not sure what MLB Hotel Manager did, never looked into it before filing the instant suit, and was not sure why they were named in the instant suit (*Id.* at ¶¶ 10-11 ECF No. 41);

b) She was not sure if she ever received a paycheck from or ever signed any paper work with MLB Hotel Manager (*Id.* at ¶¶ 12, 16 ECF No. 41);

c) She was not sure if MLB Hotel Manager was the entity that employed her, that she did not know which company she was employed by, and that she did not know what the Defendants did in relation to one another (*Id.* at ¶¶ 14-15, 18 ECF No. 41); and

d) She did not know how the conduct alleged in the Complaint related to MLB Hotel Manager or the basis for the assertion that MLB Hotel Manager owned the Restaurant (*Id.* at ¶¶ 17, 19 ECF No. 41).

The Plaintiff's testimony is not particularly surprising as the documents produced by the Defendant MLB Fairwinds indicate that the Plaintiff never received a paycheck from MLB Hotel Manager and nothing has been produced by the Plaintiffs to indicate otherwise. (Id. at ¶ 13 ECF No. 41).

The record evidence demonstrates that: (a) MLB Hotel Manager does not meet any of the statutory definitions  making it Plaintiff's employer under the FLSA, (b) there is an absence of any relationship between MLB Hotel Manager and Plaintiff, (c) Plaintiff was not dependent on MLB Hotel Manager under any economic reality, and (d) Plaintiff did not even have an explanation as to why MLB Hotel Manager was named in this lawsuit. It appears the Plaintiff hauled MLB Hotel Manager into this Court on the sole basis that it was listed as a manager of MLB Fairwinds LLC without any due diligence to determine whether the MLB Hotel Manager ever employed or economically controlled anyone, let alone the Plaintiff as an employee under the FLSA.

Accordingly, there is no genuine issue of material fact that MLB Hotel Manager did not employ the Plaintiff and therefore this Court should enter final summary judgment in its favor on all counts.

## II.     The Defendants are Entitled to Summary Judgment as to Count I Because Plaintiff was Paid Above the Federal Minimum Wage at All Times

In Court I of the Complaint, the Plaintiff contends that the Defendants owe the Plaintiff the full federal minimum wage because she allegedly worked unpaid hours and participated in an invalid tip pool. However, not only are Plaintiff's claims foreclosed as a matter of law, but the record evidence is in favor of Defendants on this point and no genuine issue of material fact exists.

Under the Wage and the Fair Labor Standards Act (the "**FLSA**"), the federal minimum wage is $7.25 per hour. See 29 U.S.C. § 206(a)(1)(C) (the "**Federal Minimum Wage**").  For a "tipped employee", the employer may credit the employee's tips toward the minimum wage. *See Id.* § 203(m); *See also*, *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844 (11th Cir. 2019).

It is undisputed the Plaintiff was at all times paid above the Federal Minimum Wage of $7.25 per hour. The Plaintiff testified she was paid a base salary of $8.00 per hour upon being hired, in addition to which she received: (a) a portion of the automatic non-discretionary service

charge (the "**Service Charge**") applied to every check in the Restaurant, and (b) a tips provided at the customers' discretion. (Defs' Statement at ¶¶ 20-24 ECF No. 41).   The Plaintiff's paychecks indicate she was paid above the federal minimum wage at all times based upon her base pay, and in fact, was compensated at a total gross rate of approximately $21.67 per hour worked in her less than six-month employment at the Restaurant. (*Id.* at ¶ 25 ECF No. 41).   Accordingly, the Plaintiff's claims in Count I fail for a multitude of reasons, as discussed in additional detail *infra*, and no material issue of material fact remain.

> **a.  Count II is Foreclosed Because Plaintiff Paid Above the Federal Minimum Wage and Therefore Defendants are Not Subject to Tip Pooling Restrictions**

When it comes to allegations regarding tip pooling, the Southern District has clearly and continually held that employers who meet the Federal Minimum Wage requirement and do not rely on tip credits to meet this standard, as is the case here, are not subject to tip pooling restrictions under Federal Law. In *Dalley v. CG RYC, LLC*, 2018 U.S. Dist. LEXIS 150696 (S.D. Fla. August 31, 2018), the Court unambiguously explains:

> The FLSA requires employers to pay a minimum wage to their employees. 29 U.S.C. § 206(a)(1). Employers can meet this obligation through a base wage or by a tip credit equal to the difference between the base wage and the statutorily required minimum wage. See 29 U.S.C. § 203(m)**. In short, these statutes allow employers to "either rely on tip credits to meet their minimum wage obligations and distribute all employee tips or they may instead choose to meet their minimum wage obligations without relying on tip credits and do with employee tips as they please (so long as otherwise lawful)."**

*Id.* at 4. (quoting *Jorge Gutiereez, et al., v. Seasalt and Pepper, LLC*, et al., 14-22852-CV-UNGARO (S.D. Fla. 2014) (emphasis added); *See also*, *Aguila v. Corp. Caterers II, Inc.*, 199 F. Supp. 3d 1358, 1360 (S.D. Fla. 2016) ("courts have interpreted § 203(m) to prohibit an employer from retaining an employee's tips **only if the employer pays the tipped employee less than the federal minimum wage**") (emphasis added).

The present case is almost identical to the facts in *Dalley* and thus is cited extensively herein. In *Dalley*, the Plaintiff's causes of action for failure to pay minimum wages and failure to pay overtime wages in violation of FLSA, 29 U.S.C. § 201 were dismissed by the Court **with prejudice** as the Court held that the Defendant employer had met the federal minimum wage requirements through the plaintiff's base pay and thus the plaintiff was unable to maintain a cause of action based upon tip pooling and, as discussed *infra*, the Plaintiff was exempt from overtime pay. Moreover, just as the instant case, the alleged tip pool in *Dalley* was based upon a mandatory service charge. *Id.* at 3.

Here, Plaintiff admits she was paid at least $8.00 per hour as a base salary, in addition to which she received a portion of the mandatory Service Charge, as well as any additional tips at the customers' discretion on top of that. (Defs' Statement at ¶¶ 20-24 ECF No. 41). Because the Plaintiff – based on her own testimony – was indisputably paid above the Federal Minimum Wage and was not a tipped employee for purposes of the FLSA, no issue of material fact remains as to Count I and the Court should enter final summary judgment.

### b. Plaintiff's Tip Pooling Claim is Invalid as the Service Charge was a Commission and not a Tip as a Matter of Law

The Plaintiff's claims in both Count I and Count II include allegations that the Plaintiff was required to participate in an invalid tip pool in violation of the FLSA. (Pls. Compl. ¶¶ 29-30, 35-36; ECF No. 1). The record evidence, however, including Plaintiff's own testimony, indisputably shows that the "tip pool," as alleged in the Complaint, are commissions for purposes of the FLSA, because the "tip pool" was not made up of discretionary tips but a mandatory service charge. (Defs' Statement at ¶¶ 21-25 ECF No. 41). Moreover, this matter is particularly ripe for summary judgment because, not only is the record evidence unrefuted, but "[W]hether a service

charge constitutes a commission is a question of law." *Dalley* at \*6 (citing *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001)).

In *Dalley*, this Court dismissed claims for alleged minimum wage and overtime violations with prejudice, which were based in part of an alleged tip pool violation. In that case, the court explained the controlling law as follows:

> Unlike a gratuitous tip which customers may or may not give, **"a compulsory charge for service, such as 15 percent of the amount of the bill, imposed on a customer by an employer's establishment, is not a tip, even if distributed by the employer to its employees."** 29 C.F.R. § 531.55(a). A service charge is "non-negotiable" and "customers [have] no discretion as to whether to pay the service charge or not."

*Id.* at \*6 (citing *Nascembeni v. Quayside Place Partners, LLP,* No. 09-23322-Civ, 2010 U.S. Dist. LEXIS 58707, 2010 WL 2351467, at \*2-3 (S.D. Fla. June 11, 2010)) (emphasis added). In *Dalley*, the facts of which are nearly identical to the instant case, a restaurant pooled non-discretionary commission and distributed them among their employees. This Court explained, "the payments Defendants received from customers are commissions and not tips. As such, **Defendants were not required to distribute the full amount to employees as long as their employees were compensated fully under the other provisions of the FLSA**. *Id.* at \*8 (emphasis added).

Here, the facts are just as straightforward. The menus of the Restaurant clearly displayed the mandatory Service Charge to customers, explicitly stating that the Service Charge was automatic and non-discretionary. (Defs' Statement at ¶¶ 22-23 ECF No. 41). During her deposition, the Plaintiff confirmed that the "tip pool," as referenced in the Complaint, was not comprised of actual tips, but a mandatory service charge added to each check. (Defs' Statement at ¶¶ 21, 24 ECF No. 41). The corporate representative for MLB Fairwinds LLC testified the same thing at his deposition. (*Id.* at ¶ 21, 24 ECF No. 41). Moreover, the Plaintiff's paystubs list separate line items for "Service Charge" and "Additional Tips" (*Id.* at ¶ 25 ECF No. 41). The Plaintiff also

testified that she regularly received discretionary "tips" directly from customers, which tips she kept for herself and, unlike the Service Charge, were not pooled or distributed by management. (Id. at ¶¶ 24-25 ECF No. 41). This is corroborated by Plainitff's pay stubs and the corporate representative of MLB Fairwinds. (Id. at ¶¶ 24-25 ECF No. 41). All in all, as discussed *supra*, the Plaintiff was paid approximately $21.67 an hour during her time working at the Restaurant. (*Id.* at ¶ 25 ECF No. 41)

Moreover, even if the non-discretionary Service Charge was not clearly a commission as a matter of law (which it clearly is) and a tip credit was claimed by the Defendants (which it was not), "[I]mportantly, employees may recover only up to the tip credit and not the actual tips" *Dalley v. CG RYC, LLC*, 2018 U.S. Dist. LEXIS 150696, *5 (S.D. Fla. August 31, 2018) (citing *Aguila v. Corp. Caterers II, Inc.*, 199 F. Supp. 3d 1358, 1360 (S.D. Fla. 2016)). *See also*, *Holloway v. Rocchio Tunnel Marketplace Enters., LLC,* No. 15-61586-CIV-COHN/SELTZER, 2016 U.S. Dist. LEXIS 193720 (S.D. Fla. Feb. 29, 2016) ("Plaintiff may claim as compensatory damages only the difference between the full minimum wage and the reduced wage paid by Defendants."). As the Plaintiff testified herself, and her paystubs clearly indicate, the Plaintiff was at all times paid above the Federal Minimum Wage (Defs' Statement at ¶¶ 20, 24; ECF No. 41). Therefore, the Plaintiff would have no recoverable damages, even if the voluminous record evidence and clear case law hadn't already rendered the "tip pool" alleged in the Plaintiff's Complaint foreclosed as a matter of law.

Accordingly, there is no issue of genuine material fact that the "tip pool" Plaintiff claims to be invalid was not a tip pool for purposes of the FLSA, but a commission based upon a non-discretionary Service Charge, the Plaintiff received discretionary tips above her base hourly wage and her percentage of the Service Charge, and that the Plaintiff could not even recover damages

even if those undisputed facts ceased to exist as she was already making above the federal minimum wage based upon her base hourly wage alone. Therefore, the Court should enter summary judgment on the Plaintiff's FSLA minimum wage Claim.

### c.   Managers Only Received a Percentage of the Service Charge if They Were Actively Serving Guests

*First*, Plaintiff's claim that managers impermissibly participated in a tip pool is moot because, as explained *supra*, the "tip pool" as alleged in the Complaint, was the distribution of a non-discretionary Service Charge, or a commission as a matter of law. *Second*, even if the "tip pool" argument did not fail as explained *supra*, the only times a manager received a portion of the Service Charge was when they were actively serving customers, which is corroborated by Plaintiff's own testimony as well as the testimony of MLB Fairwinds's corporate representative that the bar manager, Javier Garcia, would serve customers. (Defs' Statement at ¶¶ 27-28 ECF No. 41).

Accordingly, not only is the Plaintiff's tip pool claim foreclosed because she was paid above the Federal Minimum Wage and the alleged "tip pool" was in reality based upon a non-discretionary Service Charge, which MLB Fairwinds could distribute any way they saw fit, but such claim is also foreclosed because any participation by the managers was while they were actively serving customers. Therefore, the Defendants are entitled to summary judgment as Count I.

### d.   There is No Record Evidence that Plaintiff Was Insufficiently Paid for All Hours Worked, Which Record Evidence to the Contrary Provides Detailed Records of Plaintiff's Hours and Related Payments

The Plaintiff's claim regarding alleged unpaid work are equally unsubstantiated by the evidence in the record. The Plaintiff's own testimony confirms that she cannot identify a single

instance when any alleged unpaid work occurred, despite MLB Fairwinds producing her Time Card Report evidencing all time worked. (Id. at ¶ 32 ECF No. 41). Moreover, the Plaintiff testified that while she did in some instances work the night shift, her normal shift was 7:30 a.m. to 3:00 p.m. (Id. at ¶ 30 ECF No. 41). This is relevant because the Plaintiff also testified that despite claiming she could not clock-in at her approximate start time for three months, she could not identify a single date when this occurred and, after admitting there were days she arrived to work late, could not differentiate between the days she was late for work and the days where there were alleged issues clocking in. (Id. at ¶ 35 ECF No. 41). The Court need look no further than the Time Clock Report for the Plaintiff, which shows that the Plaintiff's average clock-in time is 7:35 a.m. for all of her shifts where her shift was completed prior to 6:00 p.m. (i.e. worked the morning and/or lunch shift). (Id. at ¶ 36 ECF No. 41). In fact, the single instance the Plaintiff did provide record support for, an alleged clock-out at 3:39 p.m. on March 7, 2019, that supposedly was not reflected properly in her hours worked registered on her Time Card Report at precisely the same time. (Id. at ¶¶ 37-38 ECF No. 41).

Quite simply, the record evidence demonstrates that there is no genuine issue of material fact, which record evidence belies Plaintiff's claim that she was not compensated for her hours worked.

### III.   The Defendants are Entitled to Summary Judgment as to Count II Because the Record Evidence Indicates the Plaintiff Was Properly Compensated for Overtime Pay

This Court should enter summary judgment on Plaintiff's claim in Count II for an alleged failure to pay overtime wages because, much like Plaintiff's prior completely unsubstantiated minimum wage claim, the record evidence demonstrates that Plaintiff was properly compensated for her hours worked.

Much like Plaintiff's aforementioned testimony undermining her claims, she also testified that she was not sure about her overtime pay and could not identify any specific weeks where she was not paid overtime for working over forty (40) hours per week. (Defs' Statement at ¶39 ECF No. 41).  Moreover, the Plaintiff's paystubs indicate she was compensated for overtime work, earning $477.36 in overtime pay and accrued overtime pay at time and a half for every pay period where she worked in excess of forty (40) hours per week. (Id. at ¶¶ 40-42 ECF No. 41). This was confirmed by the Corporate Representative for MLB Fairwinds. (Id. at ¶ 42 ECF No. 41).

The Plaintiff's claim for unpaid overtime is completely belied by the record evidence, which Plaintiff was completely unable to refute in her sworn testimony.  Therefore, this Court should enter summary judgment on behalf of the Plaintiff, as there is no genuine issue of material facts as to whether the Plaintiff was properly paid for overtime work.

## IV.    The Defendants are Entitled to Summary Judgment as to Count III Because Plaintiff's Underlying Claims Are Foreclosed

As explained *supra*, no genuine issue of material fact exists as to the Plaintiff's underlying claims in this lawsuit. This Court has held that a separate cause of action for a declaration of rights is misplaced when it is based on underlying conduct in the other causes of action:

> Requesting the Court to determine whether Plaintiff and similarly situated individuals were employees is not a separate cause of action. Rather, it is an underlying determination that is salient to the relief sought in Counts I and II. Plaintiff has pled that he was an employee and Plaintiff must now prove as much with record evidence. If Plaintiff's allegations are valid, and Counts I and II are successfully prosecuted, the relief Plaintiff seeks in Count III is better suited as ancillary to the relief he seeks in Counts I and II.

*Donahay v. Palm Beach Tours & Transp., Inc.*, No. 06-61279-CIV-MARRA/JOHNSON, 2007 U.S. Dist. LEXIS 25725, at *6 (S.D. Fla. Apr. 5, 2007).

Therefore, the Court should enter summary judgment in favor of Defendants as to Plaintiff's Count III for Declaration of Rights.

THE BERNSTEIN LAW FIRM
*Attorneys for Defendant*
3050 Biscayne Boulevard, Suite 403
Miami, Florida 33137
Tel. (305) 672-9544
Fax (305) 672-4572
michael@bernstein-lawfirm.com
matthew@bernstein-lawfirm.com
paralegal@bernstein-lawfirm.com

*s/ Michael I. Bernstein*
**Michael I. Bernstein**
Florida Bar No. 546208

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that on **August 17, 2020,** a true and correct copy of the foregoing was served via email to all counsel of record on the below service list.

THE BERNSTEIN LAW FIRM
*Attorneys for Defendant*
3050 Biscayne Boulevard, Suite 403
Miami, Florida 33137
Tel. (305) 672-9544
Fax (305) 672-4572
michael@bernstein-lawfirm.com
matthew@bernstein-lawfirm.com
paralegal@bernstein-lawfirm.com

*s/ Michael I. Bernstein*
**Michael I. Bernstein**
Florida Bar No. 546208

## SERVICE LIST
*Nelson v. MLB Hotel Manager LLC*
CASE NO.: 1:19-cv-23730-RNS
United States District Court of Southern District of Florida

**Sundeep K. Mullick, Esq.**
Law Office of Lowell J. Kuvin
*Attorneys for Plaintiff*
17 East Flagler Street, Suite 223
Miami, Florida 33131
sunny@kuvinlaw.com
legal@kuvinlaw.com